IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

DARRELL SPODEN, )
)
                Plaintiff, )   No. 12cv2004 EJM
vs. )
)   ORDER
MICHAEL J. ASTRUE, )
COMMISSIONER OF SOCIAL )
SECURITY, )
                Defendant. )

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability income and supplemental security income benefits. Briefing concluded September 7, 2012. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Claiming an onset date of July 1, 2008, plaintiff alleges disability due to multiple impairments including substance-induced persisting amnestic disorder, degenerative disc disease of the cervical spine, status post left hand crush injury, and carpal tunnel syndrome. He asserts the Administrative Law Judge (ALJ) erred in failing to adequately evaluate the report from examining psychologist Dr. Christiansen, erred in failing to order a physical consultative examination to assess his ability to reach, handle, finger, and turn his head, and failed to properly evaluate his subjective allegations. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include depression, anxiety, degenerative disc disease of the lumbar and cervical spine, mild carpal tunnel syndrome, headaches, and a history of left-hand fracture and substance abuse, but further found he retained the residual functional capacity to engage in substantial gainful activity.

Plaintiff first asserts that the ALJ failed to properly evaluate the report from examining psychologist Dr. Christiansen (T. 694-700). In support, plaintiff urges that the ALJ failed to provide good reasons for discounting the views of Dr. Christiansen, and failed to recognize that Dr. Christiansen's report builds on an earlier psychological evaluation performed by Dr. Roland (T. 685-693), and clarifies issues noted by Dr. Roland.

At the outset, in considering opinion evidence, the court notes that the ALJ permissibly credited Dr. Roland's evaluation with regard to mental functioning, and permissibly discounted Dr. Roland's observations as to the effect of plaintiff's physical limitations and pain, as those observations are out of Dr. Roland's area of

2

expertise. While Dr. Roland noted that plaintiff's self-reported physical limitations would likely render him unable to work in full-time competitive employment, Dr. Roland expressly did not comment on whether there was medical evidence supporting plaintiff's self-reported physical limitations (T. 692-693). As the court understands plaintiff's position, plaintiff does not expressly challenge reliance upon Dr. Roland's evaluation, but rather urges that Dr. Christiansen's evaluation builds thereon, and was afforded inadequate weight by the ALJ.

As part of Dr. Christiansen's evaluation of plaintiff, Dr. Christiansen noted Dr. Roland's observation regarding plaintiff's self-reported physical limitations, T. 695, and following her evaluation, she noted that her report supports Dr. Roland's opinion as to plaintiff's inability to work in full-time competitive employment. T. 700. It is the court's view that in discounting the views of Dr. Christiansen, the ALJ permissibly noted that Dr. Christiansen's agreement with Dr. Roland's observation as to plaintiff's ability to work, was again based upon self-reported physical limitations that were appropriately discounted by the ALJ. Stated differently, to the extent Dr. Roland's observations as to the potential effect of plaintiff's self-reported physical limitations are outside the scope of Dr. Roland's expertise, the strength of Dr. Christiansen's conclusion is not amplified by agreement with Dr. Roland on this basis. Reviewing Dr. Christiansen's evaluation on its own merit, the ALJ permissibly discounted that evaluation, placing greater reliance upon mental limitations in Dr. Roland's psychological evaluation for the

3

reasons set forth in his decision, including the ALJ's permissible observation that the Christiansen evaluation, in part, appeared to rely heavily upon plaintiff's subjective complaints.

Plaintiff further asserts that the ALJ erred in failing to order a consultative examination to assess his ability to reach, handle, finger, and turn his head. In support, he urges that medical evidence demonstrates significant problems with his neck and arms, and that in finding plaintiff retained the ability to frequently reach, handle and finger bilaterally, the ALJ essentially found that plaintiff could reach, handle, finger, and turn his head up to six hours per day. Plaintiff urges that this residual functional capacity is not supported by substantial medical evidence.

While an ALJ has a duty to develop the record, the ALJ is not required to order a consultative examination if the record contains sufficient evidence to make an informed decision. See 20 CFR §§404.1519a(b), 416.919a(b) (noting situations requiring consultative examinations for claimants). The court is satisfied that the existing evidence of record provided a sufficient basis for the ALJ's decision, and the ALJ did not err on this point. To the extent plaintiff urges that the ALJ found he could reach, handle, finger, and turn his head for up to six hours a day, the court notes that SSR 83-10 defines "frequent" as occurring from 1/3 to 2/3 of the time, i.e., 1/3 to 2/3 of a workday. In determining residual functional capacity, the ALJ permissibly relied upon substantial evidence including the medical record,

consultants, plaintiff's credible subjective allegations, and his daily activities, all as set forth in the ALJ's decision.

Finally, while plaintiff urges that the ALJ failed to properly evaluate his subjective allegations, it is the court's view that in discounting the credibility thereof, the ALJ's evaluation was proper, and the ALJ permissibly relied upon consideration of plaintiff's fairly extensive daily activities, gaps in treatment, plaintiff's activity of loading hay, the generally conservative nature of treatment, the typical significant improvement when treatment was sought and plaintiff was compliant with recommendations and medications, plaintiff's lengthy sporadic work history, and inconsistent statements with regard to substance use and sleep disturbance. T. 21-22.

Upon the foregoing, and without minimizing the seriousness of plaintiff's limitations, it is the court's view that the Commissioner's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

January 24, 2013.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

5